IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT JACKSON, )
 )
    Plaintiff, )
 ) C.A. No. 7-1288
    vs. )
 )
U.S. BANKRUPTCY COURT, )
et al., )
 )
    Defendants. )

**MEMORANDUM ORDER**

In this civil action, Plaintiff seeks relief relating to a series of events connected with a loan transaction and bankruptcy proceeding. Defendants have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, who is acting pro se, was directed to respond to the Motions by May 30, 2008 and June 2, 2008 , and did not do so; he was then provided an additional opportunity to respond by July 14, 2008, and again failed to do so

A Rule 12(b)(6) Motion to Dismiss requires factual allegations sufficient to raise a right to relief above the speculative level; dismissal is proper when the allegations in a complaint, "however true, could not raise a claim of entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965-66, __ U.S. __, 157 L.Ed. 2d 927 (2007). In addition, a similar standard applies to a Rule 12(b)(1) Motion. Petruska v. Gannon Univ., 462 F.3d 294, 299 (3d Cir. 2006). I have considered the Motions under applicable standards, and as required by Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991), in light of Plaintiff's failure to respond.

AND NOW, this 10th day of October, 2008, upon consideration of Defendants' Motions to Dismiss (Docket Nos. [39], [47], and [49]), it is hereby ORDERED, adjudged, and DECREED that the Motions are GRANTED.

                                              BY THE COURT:

                                              <u>/s/Donetta W. Ambrose</u>

                                              Donetta W. Ambrose

                                              Chief Judge, U.S. District Court