IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT S. JACKSON,<br><br>Plaintiff,<br><br>-vs-<br><br>U.S. BANKRUPTCY COURT,<br>JUDGE JUDITH K.<br>FITZGERALD, et al.,<br><br>Defendants. | Civil Action No. 07-1288 |

AMBROSE, Chief District Judge.

**MEMORANDUM ORDER**

In this civil action, Plaintiff, proceeding pro se, seeks relief from various actions taken by the Bankruptcy Court for the Western District of Pennsylvania. Based on the record before me, I now consider whether dismissal is appropriate.

Pursuant to Federal Rule of Civil Procedure 41(B), a Court may dismiss a claim for failure to prosecute, and for failure to comply with procedural rules or Court Order. In determining whether dismissal is appropriate, the Court shall consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). A Court may dismiss an action pursuant to Rule 41(b) sua sponte. Caterbone v. Lancaster County Prison, 293 Fed. Appx. 867 (3d Cir. 2008).

In this case, the Poulis factors weigh heavily in favor of dismissal. First, Plaintiff, proceeding individually and pro se, is solely responsible for the prosecution of this action.

Second, Defendant was prejudiced by her appearance at a conference, which Plaintiff failed to attend, as well as the prejudice inherent in attempting to defend a claim brought by an unresponsive, unreachable party. Third, the record reflects a history of dilatoriness. Plaintiff was afforded several opportunities to respond to Motions to Dismiss filed by the majority of Defendants to this action, and failed to respond. Finally, while I cannot assign bad faith to Plaintiff's conduct, it is apparent that dismissal is the only reasonable alternative. Plaintiff's mail has been returned to the Court pursuant to the closing of his post office box, and Plaintiff has not provided the Court or any party with an alternate means of contacting him. Indeed, he has not been in contact with the Court since his last docket action occurred on June 2, 2008. Moreover, financial sanctions are not a feasible option, as Plaintiff is proceeding in forma pauperis. In sum, Plaintiff's conduct is sufficient to warrant the drastic sanction of dismissal. If Plaintiff wishes to seek reconsideration of this decision, he may seek to reopen this case within thirty (30) days of the date of this Order.

AND NOW, this 9th day of March, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Complaint is hereby DISMISSED for failure to prosecute and failure to comply with rules of procedure and Orders of Court. The Clerk of Courts shall mark this matter CLOSED forthwith. Plaintiff may seek to reopen this matter within thirty (30) days of today's date.

BY THE COURT:

s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court